By the Court—Moncrief, J.
The defendant desired to be examined on his own behalf, and it was objected that he was an incompetent witness “ on the ground that the plaintiff derived his title to the chronometer in question from Frederick Creighton, who was deceased.” The Referee reserved his decision and took the testimony subject to his decision as to its admissibility, to be afterwards made. The Referee subsequently upon the close of the testimony did decide “ That the said Black could not be examined as a witness in this action to prove his title to the property in question, or his right to the possession as against the plaintiff who claims the right to the possession through Frederick Creighton'who is déad.” The testimony of said Black *55 taken as aforesaid was stricken out, and the defendant excepted.
The action is for the wrongful taking and detention of a chronometer. The complaint alleges “that the plaintiff on or about the 13th of September, 1856, was the master of the schooner Emily Keith, lying at the city of New York, and then and there had in his possession on board said schooner, certain personal property, to wit: a certain marine box chronometer, numbered 1354, with the appurtenances thereto belonging; which possession was by virtue of an agreement made by the plaintiff with one Frederick Creighton, the owner of said property, for the use and possession by the plaintiff, and for paying a certain sum for the use thereof, and by which the plaintiff engaged to return the same to the said Frederick Creighton, and that at the time and place aforesaid, as the plaintiff is informed and believes, the defendant wrongfully took from the said schooner and unjustly detained the same; and the said property was so taken and detained without the consent of the plaintiff a.t the. time of the commencement of this action, and was wrongfully withheld by thi defendant in his said defendant’s possession; and the value of said property at the time of said taking was two hundred dollars; wherefore the plaintiff demands that the defendant may be adjudged to deliver to the said plaintiff said property, and to pay to the plaintiff damage, for the detention thereof to the sum of one hundred dollars, and the costs of this action, and that the said chronometer may be forthwith delivered to the plaintiff.
The answer denied the wrongful taking and unjust detention of the chronometer by the defendant.
The defendant also averred, that Creighton had no right, title or ownership in, or to the said chronometer, except as a copartner with him, said defendant; that said chronometer for a long time previous to said alleged hiring, and always since, had been and was the property of said Creighton and the defendant, the firm of Creighton & Black; and being the property of said firm, said Creighton had let the same out to hire to the owners of said schooner for the use thereof for the voyage she was then about undertaking. That on or about the 30th September, 1856, the said voyage being completed, and the term for which the plaintiff had hired the same having expired, the. said chronometer was volun *56 tarily returned to the defendant who received it, and held it as a copartner of the firm of Creighton & Black as aforesaid, as he was lawfully entitled to do. And defendant denies that at the time of the commencement of this suit, or at the time of the alleged wrongful taking or detention, the plaintiff was entitled to the possession of the said chronometer, and alleges that he, the defendant, was entitled to the possession of the same. Wherefore the defendant demands judgment against the plaintiff for the value of the said chronometer, and damages together with the costs.
Was the defendant, Black, competent as a witness on Ms own behalf?
The action was tried in January, 1859; and section 399 of the Code, as amended by the act of April 13, 1857, (Sess. Laws, 1857, vol. 1, p. 744,) was then in force.
That section allows a party to be examined as a witness in his own behalf, provided that “the adverse party or person in interest is living,” and that “ the opposite party” is not “ the assignee, administrator, or legal representative cf a deceased person,” and provided also that ten days’ notice of such intended examination has been given, as this section prescribes.
This notice had been given: the plaintiff, the sole party in interest, is living, and he is not the administrator or legal representative of a deceased person. Neither is he “the assignee” of “a deceased person ” in the sense that he is suing in a representative capacity, or to enforce rights of his assignor in the discharge of Ms duty as assignee. If the maxim, noscitur a sociis, has any application to the words connected together in this section, viz., “assignee, administrator, or legal representative, of a deceased person,” then it aids the construction that the word assignee, as here used, describes a person suing as such, and for the benefit of third persons, and in a representative or fiduciary capacity.
Any other construction would exclude a defendant from testifying in any action for the unlawful taking, injury to, or conversion of personal property, if the person from whom the plaintiff bought it was dead; and this would be so, whether his testimony related to the validity of the plaintiff’s title or to some act of justification valid in itself, even assuming the plaintiff to have acquired from his vendor a title good as against all the world.
*57 Section 399 does not make the admissibility of a party as a witness in his own favor dependent in any way upon the parts of the controversy or nature of the matters to which his testimony may relate, but upon the character in which the plaintiff sues.
The concluding provisions of the section favor this construction. They relate to the examination of “ the assignor of a thing in action or contract,” as a witness on behalf of one deriving title through him. That covers the case of a suit upon the thing in action or contract so assigned. (Crosby v. Nichols, 3 Bosw., 450.)
But such assignor shall not be examined “ against an assignee or an executor or administrator, unless the other party to such contract or thing in action whom the defendant or plaintiff represents is living,” &c.
However indefinite or comprehensive the word 111 assignee” may be supposed to be, I think it is here used to represent a party who is prosecuting or defending in a representative capacity for the benefit of the estate which is vested in him as assignee, or for the benefit of others, and not a purchaser of personal property in his own right and on his own sole account.
Such a plaintiff as was before the Court in Hall v. Robinson, (2 Comst., 293,) McGinn v. Worden, (3 E. D. Smith, 355,) and Crosby v. Nichols, (supra,) is not an “ assignee” within the meaning of that word as used in section 399 of the Code.
The Referee having rejected the witness and his testimony as incompetent, he committed an error, for which a new trial must be granted, with costs to abide the event, &e.
Ordered accordingly.